Menard WRIGHT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17007.

United States Court of Appeals District of Columbia Circuit.

Submitted March 18, 1963.

Decided July 5, 1963.

---

Mr. Dale E. Doty, Washington, D. C. (appointed by this court) submitted on the brief, for appellant.

Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, Donald S. Smith and Robert A. Levetown, Asst. U. S. Attys., submitted on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WRIGHT, Circuit Judge.

PER CURIAM.

Appellant was convicted on charges of assault with a dangerous weapon and mayhem, and sentenced to concurrent terms of 2½ to 9 years imprisonment on each charge. His chief complaint in this appeal is that the trial court's instruction on flight, which was not objected to below, constituted plain error requiring reversal under Rule 52(b), Fed.R.Crim.P.

At trial, the complaining witness identified appellant as his assailant. A bystander testified that immediately prior to the assault he observed appellant following the complaining witness, that he then lost sight of the pair but that shortly thereafter he saw appellant running—his shirt stained with blood—and that he "ran into me" and continued running away. A second bystander corroborated the testimony that appellant ran away from the scene of the crime. Appellant, claiming that this was a case of mistaken identification, took the stand and testified to an alibi: that he was in a certain poolroom at the time of the crime.

The trial court's instruction to the jury included the statement "that if a person flees from the scene of a crime for the purpose of avoiding arrest, or apprehension or prosecution, it creates a presumption of guilt." [1] This was error. Flight does not create "a presumption of guilt." [2] Courts have long recognized that flight is, at best, ambiguous evidence of guilt feelings; [3] and students of human behavior have observed that guilt

---

[1] The complete instruction regarding flight was as follows:

"There is a rule of law that says that flight may be considered as evidence of guilt.

"The Government, consequently, has offered testimony to you, ladies and gentlemen, alleging that this defendant fled from the scene of the crime. The defendant, of course, denies this and denies that he was seen at the scene of the crime. The significance of this evidence, however, is that if a person flees from the scene of a crime for the purpose of avoiding arrest, or apprehension or prosecution, it creates a presumption of guilt.

"This principle of law, however, is one that must be applied with some caution. I instruct you as a matter of law that flight means not merely a leaving of the scene of a crime; it means a leaving or concealment under a consciousness of guilt for the purpose of evading arrest.

"If you find in your deliberations that the defendant did flee and that his conduct was induced by fear of arrest, then this action constitutes a flight from justice and you may consider it as a circumstance indicating guilt. If, on the other hand, you find that this defendant, of course, was not at the scene of this crime, this evidence alleging flight has no validity whatsoever and it creates no presumption of guilt if you find that it was not this defendant who fled from the scene of the crime."

[2] Miller v. United States, 116 U.S.App.D. C. ——, 320 F.2d 767 and cases cited on p. 770.

[3] Ibid.

feelings "may be present without actual guilt." [4]

■ If appellant had objected to the instruction, reversal would be required. But in the circumstances of this case where the crucial issue was one of identification, the evidence of appellant's alleged flight was of such slight independent significance that we cannot characterize the instruction as plain error affecting substantial rights. Rule 52(b), Fed.R.Crim.P.

Affirmed.

---

4. Id. at p. 772 and authorities collected in notes 10 and 11.